Filed 12/24/20  P. v. Campbell CA2/3
See concurring opinion

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B302318 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA067879) |
| v. | |
| ELMER CAMPBELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charles A. Chung, Judge.  Reversed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan, Blythe Leszkay and Toni R. Johns Estaville, Deputy Attorneys General, for Plaintiff and Respondent.

—————————

Elmer Campbell appeals from an order denying his petition to have his conviction for possessing marijuana in prison reduced or dismissed under the Control, Regulate and Tax Adult Use of Marijuana Act (the act) (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) Prop. 64, § 1, p. 178 ).  We reverse.

## BACKGROUND

In 2016, Campbell pleaded nolo contendere to possessing contraband marijuana in jail (Pen. Code, § 4573.6, subd. (a)).  The trial court sentenced him to three years in prison.   Later that year, the electorate passed the act, which generally reduced marijuana-related crimes to misdemeanors.  In 2019, Campbell petitioned to have his conviction redesignated and dismissed under Health and Safety Code section 11361.8,[1] which was added by the act.  The trial court, after noting a split of authority regarding whether section 11361.8 applies to convictions of Penal Code section 4573.6, denied the petition.  Campbell thus appeals, contending that the act applies to convictions of Penal Code section 4573.6.

## DISCUSSION

Penal Code section 4573.6, subdivision (a), provides that any person who knowingly possesses in prison any controlled substance, the possession of which is prohibited by division 10 of the Health and Safety Code, is guilty of a felony.  As pertinent here, the act decriminalized possessing less than 28.5 grams of marijuana for people 21 years of age or older.  (§ 11362.1, subd. (a).)  A person currently serving a sentence for a conviction

---

[1] All further statutory references are to the Health and Safety Code unless otherwise indicated.

who would not have been guilty of an offense or who would be guilty of a lesser offense under the act may petition for recall or dismissal of the sentence.  (§ 11361.8, subd. (a).)  Here, Campbell possessed 0.1 grams of marijuana.  He therefore contends he is entitled to have his conviction recalled or dismissed under the act, as he pleaded guilty to possessing less than 28.5 grams of marijuana in prison.

Appellate courts are split on whether the act applies to Campbell's crime of possessing cannabis in a correctional facility, and the issue is pending review in the California Supreme Court. (See, e.g., *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted Aug. 21, 2019, S256978 (*Raybon*); *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted, Aug. 12, 2020, S262935; *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted Oct. 14, 2020, S264339.)

Several courts have found that the act does not apply to a conviction of Penal Code section 4573.6.  (See, e.g., *People v. Perry* (2019) 32 Cal.App.5th 885; *People v. Herrera, supra,* 52 Cal.App.5th 982.)  In reaching that conclusion, they rely on the carve-out provision in section 11362.45, which provides that section 11362.1 "does not amend, repeal, affect, restrict, or preempt" laws "*pertaining to* smoking or ingesting cannabis or cannabis products" in a facility under the jurisdiction of the Department of Corrections and Rehabilitation (§ 11362.45, subd. (d), italics added).  *Perry*, at pages 891 to 892, broadly interpreted " 'pertaining to' " to include possessing cannabis, saying it would be "hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance."

The court also rejected the defendant's argument that Penal Code section 4573.6 no longer applies to an adult who

possesses not more than 28.5 grams of cannabis in prison "because the offense is defined by reference to 'controlled substances, the possession of which is prohibited by Division 10,' and Proposition 64, by its amendment of . . . section 11357, eliminated the prohibition against such possession that previously existed in division 10." (*People v. Perry*, *supra*, 32 Cal.App.5th at p. 893.)  The court found that this argument rendered meaningless the carve-out provision's statement that the act did not " 'amend, repeal, affect, restrict, or preempt' " laws pertaining to smoking or ingesting cannabis in correctional facilities.  (*Id.* at p. 894.)  Rather, cannabis "remains a controlled substance under division 10.  Under the Health and Safety Code provisions affected by Proposition 64, all of which are part of division 10, cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization provision."  (*Perry*, at p. 896.)

*Raybon*, *supra*, 36 Cal.App.5th 111 disagreed with *Perry* and concluded that possessing less than an ounce of marijuana in prison is no longer a felony per the act.  *Raybon*, at pages 121 to 122, interpreted section 11362.45's carve-out provision more restrictively.  That is, laws pertaining to smoking or ingesting cannabis in a penal facility (§ 11362.45, subd. (d)) do not include possessing cannabis under Penal Code section 4573.6.  The court said, "The purpose of the language is to describe the vast array of means of consumption and consumption, not possession, is the act the voters determined should remain criminalized if the user is in prison.  We agree with defendants that consumption can be achieved in ways not strictly involving smoking or ingesting, such as inhaled as a nonburning vapor or applied topically such that it

is absorbed through the skin.  By including the language 'pertaining to smoking and ingesting,' the drafters allowed for these various forms of consumption in prison to remain unlawful."  (*Raybon*, at p. 122.)

We need not delve deeply into this dispute, as the Supreme Court will resolve it.  Pending resolution of the issue, we will follow *Raybon*, finding its statutory analysis compelling, and reverse the order denying Campbell's petition.

### DISPOSITION

The order is reversed.
NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


LAVIN, Acting P. J.


5

**EGERTON, J., Concurring.**

I agree with my colleagues that—pending guidance from our Supreme Court—the reasoning of *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted Aug. 21, 2019, S256978— is more persuasive than the cases that have reached the opposite conclusion.  I write to add two observations.  First, propositions often are poorly drafted.  Proposition 64 is a good example.  Who knows what "pertaining to smoking or ingesting cannabis or cannabis products" is supposed to mean?  As the courts that have disagreed with *Raybon* note, a person must "possess" cannabis in order to smoke or ingest it.  On the other hand, as the *Raybon* court points out, had the authors of Proposition 64 wanted to include "possessing" with "smoking" and "ingesting," they could have done so.  (*Raybon*, at p. 121.)  This sloppiness in drafting is unfortunate, as the presence of a controlled substance like cannabis in prison plainly is problematic.

Finally, the amount of cannabis that Campbell possessed in this case was one-tenth of a gram.  That is about the weight of one-tenth of a small paper clip or a plastic cap on a pen, or one twenty-fifth of a penny.  (<https://en.wikipedia.org/wiki/Gram> [as of Dec. 22, 2020], archived at <https://perma.cc/E5JE-QMZ5>.)  While the validity of Campbell's plea is not before us, a violation of Penal Code section 4573.6 requires that the controlled substance "was a usable amount."  (CALCRIM No. 2748.)

EGERTON, J.